UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALEX GEORGE § | |
| Plaintiff, § | |
| § | Civil Action No. |
| vs. § | |
| § | |
| ALIA ENTERPRISES, INC. D/B/A § | |
| SHAVER CHEVRON AND § | |
| MEHBOOB ALI MOHAMMED § | |
| Defendants. § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES PLAINTIFF, Alex George, and complains of Defendants Alia Enterprises, Inc d/b/a Shaver Chevron and Mehboob Ali Mohammed (hereinafter referred to as "Defendants"), and for cause of action would show the Court as follows:

### I.
### Introduction

1. This is an action to recover unpaid overtime wages brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, and post-judgment interest for Defendants' willful failure to pay overtime pursuant to 29 U.S.C. § 216(b) for Plaintiff in the course of his employment with the Defendants.

3. Plaintiff demands a jury trial on all issues that may be tried to a jury.

4. This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and state common law.

## II.
## Jurisdiction and Venue

5. Plaintiff brings this action to recover unpaid overtime compensation from the Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

6. This Court also has jurisdiction of these claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

7. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
## Parties

8. Plaintiff, Alex George, is a resident of Harris County, Texas, who engaged in interstate commerce or in the production of goods for interstate commerce in performing his duties for Defendants.

9. Defendant Alia Enterprises, Inc. d/b/a Shaver Chevron is a validly existing Texas corporation. The Defendant may be served by serving its registered agent, Mehboob Ali Mohammed, at 24 Sunset Park Lane, Sugar Land, Texas 77479, or at any other address where he may be found. Defendant Alia Enterprises, Inc d/b/a Shaver Chevron is an entity engaged in interstate commerce or in the production of goods for interstate commerce.

10. Defendant Mehboob Ali Mohammed is an individual who may be served with summons and complaint at his place of business at 24 Sunset Park Lane, Sugar Land, Texas 77479, or at any other address where he may be found. Defendant Mehboob Ali Mohammed is an individual engaged in interstate commerce or in the production of goods for interstate commerce as an employer. He has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

11. Whenever in this complaint it is alleged that Defendants committed any act or

omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

## IV.
## Facts

12. At all times relevant to this action, Defendants have been subject to the requirements of the FLSA.

13. For purposes of this action, the "relevant period" is defined as a period of time commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

14. At all material times, Defendants have been an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

15. At all material times, Defendants have been an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

16. At all material times, Defendants have been an "enterprise engaged in interstate commerce or in the production of goods for interstate commerce" within the meaning of the FLSA because it had employees engaged in interstate commerce and it engaged in activities that constitute being engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

17. At all material times, Plaintiff was an "employee" who was engaged in interstate commerce or in the production of goods for interstate commerce as required by 29 U.S.C. §§ 206-207.

18. Defendant Alia Enterprises, Inc. owns and operates at least one Chevron branded

3

gasoline station and convenience store, located at 4120 S. Shaver, Houston, Texas 77034, and doing business as "Shaver Chevron".

19. Defendants employed Plaintiff Alex George as a gas station attendant from December 1, 2012 until April 16, 2013.

20. Plaintiff worked an average of well over forty (40) hours per workweek during his employment with the Defendants. In fact, Plaintiff routinely worked twelve (12) or more hours a day, seven (7) days a week.

21. As a gas station attendant, Plaintiff George has performed, during a significant period of most days, what was or is otherwise work performed by "hourly" or non-exempt employees because the job required it, and the Defendants demanded it.

## V.
## Claim for Relief
### (Unpaid overtime compensation under the FLSA)

22. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

23. Plaintiff is considered a non-exempt employee.

24. Plaintiff is entitled to receive overtime pay for all hours he has worked in excess of forty (40) hours a week during each workweek Plaintiff was employed with the Defendants.

25. During his employment with the Defendants, Plaintiff routinely worked more than forty (40) hours a week.

26. Defendants did not pay Plaintiff for some of the wages he earned (including overtime pay) for the hours he worked in excess of forty (40) per week.

27. Defendants have violated the FLSA by failing to pay Plaintiff "overtime" pay for all hours worked in excess of forty (40) hours per week.

28. Defendants have not made a good faith effort to comply with the FLSA, and have thus violated the requirements of the federal statute.

29. Defendants have failed to maintain a complete, accurate and contemporaneous record of the number of hours Plaintiff worked during each workweek of his employment with the Defendants.

30. Defendants' conduct was willful within the meaning of 29 U.S.C. § 255(a).

31. No exemption excused the Defendants from paying Plaintiff overtime pay for hours worked over forty (40) hours per week.

32. Rather, Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice regarding overtime compensation due to Plaintiff.

33. Plaintiff seeks an amount of back-pay equal to the unpaid overtime compensation owed to him.

34. Plaintiff seeks an additional equal amount as liquidated damages.

35. Plaintiff seeks his reasonable attorney's fees and costs under 29 U.S.C. § 216(b) incurred in the prosecution of this civil action.

36. Plaintiff seeks post-judgment interest, at the highest rate allowed by law, on all amounts assessed against the Defendants in this matter.

## VI.
## Jury Demand

37. Plaintiff makes a formal demand for a jury trial in this matter.

## VII.
## Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiff Alex George respectfully requests that upon final hearing, the Court grant him relief as follows:

a. Declare that Defendants have violated the Fair Labor Standards Act, specifically 29 U.S.C. § 207, by failing to pay Plaintiff overtime pay at one and one-half times his regular hourly rate of pay for all hours in excess of forty (40) hours worked during each seven-day workweek;

b. Declare that Defendants have violated the Fair Labor Standards Act, specifically 29 U.S.C. § 206, by failing to pay Plaintiff wages other than overtime wages for all hours worked during each seven-day workweek;

c. Order Defendants to pay Plaintiff the difference between (i) what Defendants should have paid plaintiff for all hours he worked, including overtime hours worked during the relevant period, and (ii) what Plaintiff was actually paid for those hours worked;

d. Order Defendants to pay an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

e. Order Defendants to pay Plaintifføs reasonable attorneyøs fees and costs pursuant to 29 U.S.C. § 216(b);

f. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against the Defendants; and,

g. Order all further relief, whether legal, equitable or injunctive, as necessary to grant Plaintiff full relief to which he may be entitled under the law.

Respectfully submitted,

\_\_\_/s/ Lionel Martin_____
Lionel Martin
Federal I.D. No. 31342
Texas State Bar No. 24037032

10701 Corporate Drive
Ste. 236
Stafford, Texas 77477
Tel: (281) 277-3066
Fax: (281) 277-3067

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL:**

**GARCIA-MARTIN & MARTIN, P.C.**

Melissa Garcia-Martin
Federal I.D. No. 38613
Texas State Bar No. 24039035

10701 Corporate Drive
Ste. 236
Stafford, Texas 77477
Tel:  (281) 277-3066
Fax: (281) 277-3067

**ALI  S. AHMED, P.C.**

Salar Ali Ahmed
Federal Id. No. 32323
Texas State Bar No. 24000342

One Arena Place
7322 S.W. Freeway, Suite 1920
Houston, Texas 77074
Tel:  (713) 223-1300
Fax:  (713) 255-0013